z80843/Notice Removal/JDG/lc

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

FILED
2015 DEC -2 PM 2:50
DOROTHY BROWN
CLERK OF CIRCUIT COURT
LAW DIVISION

| | |
|---|---|
| ARNOLD D. BARBER, | ) |
| Plaintiff, | ) No. |
| v. | ) (Cook County No. 15 L 10524) |
| LUIS FERNANDEZ, an individual, and FEDERAL EXPRESS CORPORATION, a corporation, | ) ) ) ) |
| Defendants. | ) |

## NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT

Now come the defendants, LUIS FERNANDEZ and FEDERAL EXPRESS CORPORATION, by and through their attorneys, JOEL D. GROENEWOLD and KOPKA PINKUS DOLIN PC, and pursuant to 28 USC §§1332, 1441, and 1446, hereby serve Notice of Removal of this action to the United States District Court for the Northern District of Illinois from the Circuit Court of Cook County. In support of their Notice of Removal, defendants state as follows:

1. This matter arises out of a lawsuit filed in the Circuit Court of Cook County on or about October 15, 2015. (A copy of the lawsuit is attached as Exhibit "A").

2. The complaint alleges that the parties were involved in a motor vehicle collision on November 10, 2013 on Interstate 80 westbound near mile marker 146, in Tinley Park, Will County, Illinois. Plaintiff alleges that defendant Fernandez, operating a FedEx truck, rear-ended the plaintiff's motor vehicle. (See Exhibit "A").

3. As a result of the accident, plaintiff alleges that he suffered "severe and permanent injuries" and "great pain and anguish." He further alleges not only past damages, but future damages and injury as well. (See ¶9 of Count I of Exhibit "A").

4. Plaintiff's complaint seeks compensatory damages in an amount "exceeding $50,000.00." However, that *ad damnum* is merely a jurisdictional amount for the plaintiff to place his complaint in the Law Division in the Circuit Court of Cook County. On information and belief, the plaintiff is seeking damages far in excess of that amount.

5. To remove an action to Federal Court, all that is required is a "reasonable probability" that the amount in controversy is over $75,000.00. Rising-More v. Red Roof Inns, Inc., 435 F.3d 813, 815 (7th Cir. 2006). The nature of the claims alleged in plaintiff's complaint usually makes it simple for a judge to determine whether it is more likely true than not that the amount in controversy exceeds the jurisdictional requirement. McCoy v. General Motors Corp., 226 F.Supp. 939, 941-42 (N.D. Ill. 2002) (the amount in controversy is usually "obviously from a common-sense reading of the complaint").

6. In this case, based upon plaintiff's allegations and a common-sense reading of the complaint, there is a reasonable probability that the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

7. On information and belief, the plaintiff Arnold Barber is a resident and citizen of the State of Illinois at all relevant times.

8. The defendant Luis Hernandez is a resident and citizen of the State of New York at all relevant times. (See summons attached to Exhibit "A").

9. The defendant FedEx is a corporation, duly organized and a resident and citizen of the State of Delaware at all relevant times.

10. Therefore, for purposes of determining whether diversity jurisdiction exists under 28 USC §1332C1, at all relevant times, the plaintiff was a citizen and resident of Illinois and the defendants have not been residents and citizens of the State of Illinois.

11.     For all of these reasons, this is an action wherein the United States District Court for the Northern District of Illinois has original jurisdiction, pursuant to 28 USC §132, as the matter in controversy exceeds $75,000.00, exclusive of costs and interests, and because the plaintiff and defendants are residents and citizens of different states.

12.     Therefore, diversity jurisdiction exists and this matter was properly removed to this Court pursuant to 28 USC §1441 and §1446.

13.     The foregoing Notice of Removal was timely filed by the defendants within the time prescribed by 28 USC §1446B.

14.     Defendants will serve or have properly served plaintiff's counsel with written notice of this Notice of Removal in accordance with the Federal Rules of Civil Procedure and local District Court rules.

WHEREFORE, the defendants, LUIS FERNANDEZ and FEDERAL EXPRESS CORPORATION, pursuant to 28 USC 1441, hereby remove this action from the Circuit Court of Cook County to this Honorable Court for all further proceedings and for any such other relief as this Court deems reasonable and just.

DEFENDANTS DEMAND TRIAL BY JURY.

Respectfully submitted,

LUIS FERNANDEZ and FEDERAL EXPRESS CORPORATION


By:     */s/ Joel D. Groenewold*
         One of Their Attorneys


Joel D. Groenewold, Esq.
KOPKA PINKUS DOLIN PC
200 N. LaSalle Street, Suite 2850
Chicago, Illinois 60601
Phone: 312-782-9920
Fax: 312-782-9965
Email: jdgroenewold@kopkalaw.com
Firm No. 36502

## CERTIFICATE OF SERVICE

I the undersigned, a non-attorney, certify that a true and correct copy of the foregoing was either electronically served or mailed by United States mail at 200 N. LaSalle Street, Chicago, Illinois, first class postage fully prepaid, this 2nd day of December, 2015, to the following:

>Nicholas A. Rubino, Esq.
>William B. Meyers & Associates
>100 W. Kinzie Street, Suite 325
>Chicago, Illinois 60654

*/s/ Bridget E. Williams*